ANDREW M. MORSE (4498)
SCOTT YOUNG (10695)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
Facsimile: (801) 363-0400
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| ESTATE OF BRYAN PENA VALENCIA, by and through MARIO HERRER and ANA HERRERA, Co-Personal Representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>OMAR FLORES, SHANE SCRIVNER, UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE, AND JOHN AND JANE DOES 1-10<br><br>Defendant. | **DEFENDANTS' ANSWER AND JURY DEMAND**<br><br>Case No. 2:21CV285<br><br>Judge Bruce S. Jenkins |

Defendants Omar Flores, Shane Scrivner, and the Unified Police Department of Greater Salt Lake ("UPD") (collectively "Defendants") answer Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendants admit and deny the allegations in Plaintiff's Complaint as follows:

1

1.  Admit the allegation in the Preliminary Statement that certain rights are guaranteed by the United States Constitution and the Utah Constitution. Deny all other allegations in Plaintiff's Preliminary Statement.

2.  Admit that venue and jurisdiction are proper. Deny all other allegations in Paragraphs 1-8.

3.  Deny the allegations in Paragraphs 9-10.

4.  Admit the allegations in Paragraph 11 that UPD is an interlocal entity established pursuant to Utah Code and that it employed Officers Flores and Scrivner. Deny all other allegations in this paragraph.

5.  Admit the allegations in Paragraph 12 that Officer Omar Flores was an officer working for UPD at the time of the incident in question. Deny all other allegations in this paragraph.

6.  Admit the allegations in Paragraph 13 that Officer Shane Scrivner was an officer working for UPD at the time of the incident in question. Deny all other allegations in this paragraph.

7.  Deny the allegations in Paragraph 14.

8.  Admit the allegations in Paragraphs 15-25.

9.  Deny the allegations in Paragraphs 25-30 for lack of information or belief.

10. Admit the allegations in Paragraphs 31-33.

11. Deny the allegations in Paragraphs 34-45.

12. Admit the allegation in Paragraph 46 that at some point, Officer Flores observed Mr. Valencia on foot. Deny all other allegations in this paragraph.

13. Admit the allegation in Paragraph 47 that at some point, Officer Flores pursued Mr. Valencia on foot. Deny all other allegations in this paragraph.

14. Admit the allegations in Paragraph 48.

15. Deny the allegations in Paragraph 49.

16. Admit the allegations in Paragraph 50-58.

17. Deny the allegations in Paragraph 59.

18. Admit the allegations in Paragraphs 60-64.

19. Deny the allegations in Paragraph 65-66.

20. Admit the allegations in Paragraphs 67-70.

21. Deny the allegations in Paragraph 71 because the quotation is incomplete and taken out of context.

22. Deny the allegations in Paragraph 72 to the extent they suggest that the officers knew what Mr. Valencia threw over the fence. Deny all other allegations in this paragraph.

23. Deny the allegations in Paragraph 73.

24. Admit the allegations in Paragraph 74-76.

25. Deny the allegations in Paragraphs 77-78.

26. Admit the allegations in Paragraph 79-81.

27. Deny the allegations in Paragraphs 82-83.

28. Admit the allegations in Paragraph 84 that Mr. Valencia did not have a firearm. Deny all other allegations in this paragraph because the officers did not know Mr. Valencia did not have a firearm, and combatants often use fists, legs and even the head as a "weapon."

29. Deny the allegations in Paragraphs 86-95.

30. Admit the allegation in Paragraph 96 that Officer Scrivner reported Mr. Valencia said "Chill out, or calm down, bro, or something like that" at some point during the encounter. Deny all other allegations in this paragraph.

31. Admit the allegation in Paragraph 97 that Officer Flores reported Mr. Valencia said, "Okay … calm down, okay …" at some point during the encounter. Deny all other allegations in this paragraph.

32. Deny the allegations in Paragraph 98 because they are not specific as to time.

33. Deny the allegations in Paragraph 99.

34. Admit the allegations in Paragraph 100-101.

35. Deny the allegations in Paragraphs 103-105.

36. Admit the allegations in Paragraph 106 that officers rendered aid to Mr. Valencia and that Mr. Valencia died. Deny all other allegations in this paragraph.

37. Admit the allegation in Paragraph 107 that Plaintiffs have accurately cited a small portion of Mr. Gill's report. Deny all other allegations in this paragraph.

38. Deny the allegations in Paragraph 108.

39. Admit the allegations in Paragraphs 109-110.

40. Deny the allegations in Paragraphs 111-112.

41. Admit the allegations in Paragraph 113.

42. Deny the allegations in Paragraphs 114-125.

43. Admit the allegation in Paragraph 126 that Mr. Valencia had multiple gunshot wounds. Deny all other allegations in this paragraph.

44. Deny the allegations in Paragraphs 127-128.

45. Admit the allegation in Paragraph 129 that Mr. Valencia passed away. Deny all other allegations in this paragraph.

46. Deny the allegations in Paragraph 130.

47. Paragraph 131 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

48. Deny the allegations in Paragraphs 132-160.

49. Paragraph 161 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

50. Deny the allegations in Paragraphs 162-194.

51. Paragraph 195 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

52. Deny the allegations in Paragraphs 196-208.

53. Paragraph 209 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

54. Deny the allegations in Paragraphs 210-222.

55. Paragraph 223 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

56. Deny the allegations in Paragraphs 224-230.

57. Paragraph 231 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

58. Deny the allegations in Paragraphs 232-237.

59. Deny that Plaintiffs are entitled to the relief requested in his Request for Relief.

60. Deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

### THIRD DEFENSE

The individual defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any of Plaintiffs clearly established particularized constitutional, statutory, or common law rights or privileges.

### FOURTH DEFENSE

Any act of Defendants was undertaken in good faith, without malice, with probable cause, and was fully justified and reasonable under the circumstances.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were caused by an independent intervening or superseding cause.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and/or unclean hands, waiver, estoppel, res judicata, collateral estoppel, claim preclusion, issue preclusion, consent, acquiescence, ratification, and release.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

**EIGHTH DEFENSE**

UPD and any of its supervisors cannot be held liable under 42 U.S.C. § 1983 based on supervisory liability.

**NINTH DEFENSE**

UPD is not liable under the doctrine of *respondeat superior* or any other theory of derivative liability.

**TENTH DEFENSE**

Any constitutional violation that allegedly occurred was not the result of supervisory or training policy of UPD that was deliberately indifferent to the Constitutional rights of Plaintiffs.

**ELEVENTH DEFENSE**

Defendants properly discharged any duties to train and/or supervise.

**TWELFTH DEFENSE**

Plaintiffs are barred from recovery to the extent that he has failed to reasonably mitigate his damages.

**THIRTEENTH DEFENSE**

Plaintiffs cannot satisfy the standard to recover monetary damages under the Utah Constitution set forth by the Utah Supreme Court in *Spackman ex rel. Spackman v. Bd. of Educ.*, 16 P.3d 533 (Utah 2000).

**FOURTEENTH DEFENSE**

Defendants expressly reserve the right to amend their answer to add additional affirmative defenses.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants request that the Court dismiss Plaintiff's Complaint, that the Plaintiff take nothing thereby, and that the Court orders Plaintiff to pay Defendants' costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

**JURY DEMAND**

Defendants respectfully request a jury trial and have submitted the appropriate fee.

DATED this 28th day of September, 2021.

                                                              SNOW CHRISTENSEN & MARTINEAU

                                                              */s/ Scott Young*
                                                              Andrew M. Morse
                                                             Scott Young
                                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of September, 2021, I electronically filed the foregoing **DEFENDANTS' ANSWER AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record, as follows:

> Robert B. Sykes
> C. Peter Sorenson
> SYKES MCALLISTER LAW OFFICES, PLLC
> 311 S. State Street, Suite 240
> SLC, UT 84111
> *Attorney for Plaintiff*

/s/   Melissa Hurst

4840-1880-8196, v. 1